**Patrick W. PRICE, Appellant,**

v.

**CITY OF SAN MARCOS, et al., Appellees.**

No. 14720.

Court of Appeals of Texas, Austin.

Jan. 20, 1988.

Rehearing Denied Feb. 17, 1988.

James M. Nias, Austin, for appellant.

Thomas H. Crofts, Jr., San Antonio, for appellees.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Patrick W. Price ("Price") sued the City of San Marcos and certain public officials (collectively "the City") alleging he was illegally removed from the City Planning Commission and defamed in the process of his removal. Price now appeals from sum-

mary judgment rendered in favor of the City. We affirm the judgment.

On August 27, 1984, the City removed Price from its Planning Commission because he twice represented himself before the City Zoning Board in violation of an ethics ordinance. The ordinance in question, section 2–73(b) of the City's Code of Ethics, essentially prohibits all City officials from appearing before any commission or board of the City, even when representing themselves. While a member of the City Planning Commission, Price appeared before the Zoning Board to request a variance for a carport to be built at his residence and to request a variance from parking requirements at his wife's dress shop.

In his first and third points of error, Price complains that the district court erred in granting the City's motion for summary judgment because he was deprived of his office without due process of law in violation of U.S. Const. amends. V, XIV, § 1 and Tex. Const.Ann. art. I, § 19 (1984).

■ We must first determine if Price was deprived of property or liberty deserving the protection of the state and federal constitutions. *Tarrant County v. Ashmore*, 635 S.W.2d 417, 422 (Tex.1982), *cert. denied*, 459 U.S. 1038, 103 S.Ct. 452, 74 L.Ed.2d 606 (1982). We hold "an officer's interest in his [appointed] position, though not 'property' in the conventional sense, is a recognizable interest for purposes of ... due process analysis." *See Id.*

■ For substantive due process analysis, we note the right to hold office is not a fundamental right subject to heightened scrutiny. Consequently, under both the Texas and federal constitutions we must determine only whether the application of the ethics statute to Price and his subsequent removal were means rationally related to a legitimate end. *Massachusetts Indemnity and Life Insurance Co. v. Texas State Board of Insurance*, 685 S.W.2d 104, 113–14 (Tex.App.1985, no writ).

■ Under Tex.Rev.Civ.Stat.Ann. art. 1006 (1963), the City has the power to remove Price for misconduct in office, "after due notice and an opportunity to be heard in his defense." Price admitted violating the ethics ordinance by appearing before the Zoning Board while he was a member of the Planning Commission. We conclude the City's goals of preventing the appearance of impropriety, conflicts of interest, and self-dealing in local government—all legitimate ends—were rationally related to and achieved by applying the ethics ordinance to Price and his removal from office under art. 1006. Price was not deprived of his office without substantive due process.

■ Under procedural due process we must determine if Price was deprived of his office in a fundamentally unfair manner. *Haug v. Franklin*, 690 S.W.2d 646, 649 (Tex.App.1985, no writ) ("What constitutes 'fundamental fairness' in context is an inference drawn from the totality of the facts in the particular case in light of reason, precedent, history, the private interest at stake, the government's interest, and the risk that the procedures employed will lead to erroneous decisions.") "At a very basic level, deprivation of a protected interest requires notice and an opportunity to be heard. The type of notice and hearing required varies according to the facts of the situation." *Tarrant County*, 635 S.W.2d at 423.

Price was apparently given notice of a City Council meeting where his removal would be discussed and where he could respond. Price argues he was entitled to a trial-type hearing because he was removed for misconduct. *See Id.* at n. 6. We disagree. In *Tarrant County*, a number of justices of the peace were removed from office by county commissioners pursuant to a redistricting plan. The Texas Supreme Court concluded the justices did not deserve trial-type hearings before they could be removed because their removal was purely a policy decision and did not require the determination of adjudicative facts. *Id.* Although the Supreme Court suggested a trial-type hearing would be required to remove an officer for cause, the determining factor is whether adjudicative facts must be adduced prior to the removal. *Id.*

In Price's case, there were no adjudicative facts to determine. He unequivocally admitted violating the ethics ordinance and contended he had an absolute right to represent himself before the Zoning Board. We conclude the City Council's decision to apply the ethics ordinance to Price and remove him from office was purely a legislative decision that did not require a trial-type hearing.

■ Price further argues he was denied procedural due process because the City Council chose to remove him under Tex. Rev.Civ.Stat.Ann. art. 1006 (1963) instead of prosecuting him for a Class C misdemeanor under the enforcement provisions of the ethics ordinance. We see no constitutional violation in choosing one allowable enforcement procedure over another.

■ Price finally argues he was denied procedural due process because the City Council's decision to remove him was arbitrary and capricious. Under Tex.Rev.Civ. Stat.Ann. art. 1011g(f) (Pamp.Supp.1987), "any party may appear in person" before a zoning board. Price contends it was arbitrary and capricious to remove him for exercising such a statutory right. The effect of the City's decision, however, was not to deny Price his statutory right, but to prevent him from holding office at the same time he chose to exercise this particular right. The issue is whether the City may constitutionally burden Price's office with this restriction. We conclude it may. The City's action was not arbitrary and capricious and Price was not deprived of his office without procedural due process. Price's first and third points of error are overruled.

■ In his second and fourth points of error Price complains the district court erred in granting the City's motion for summary judgment because he was deprived of his liberty without due process of law. We disagree.

Again, we must first determine if Price was deprived of liberty deserving the protection of the state and federal constitutions. *Tarrant County*, 635 S.W.2d at 422. "Where a person's good name, reputation,

honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971). This so-called "stigmatization" generally requires publicized name-calling and a change of status. *Paul v. Wood*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (a right previously recognized by state law must be extinguished or altered or every defamatory statement by the government would be a constitutional violation). While we conclude Price's liberty interests have been implicated because he was removed from office in a public manner for alleged misconduct, we overrule his second and fourth points for the same reasons we overrule his due process points one and three.

■ In his fifth and sixth points of error, Price complains the district court erred in granting the City's motion for summary judgment because he was denied equal protection under the law. We must again disagree.

"When the classification created by a ... regulatory scheme neither infringes upon fundamental rights or interests nor burdens an inherently suspect class, equal protection analysis requires that the classification be rationally related to a legitimate [government] interest." *Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 559 (Tex. 1985). We conclude Price is not a member of a suspect class and does not have a fundamental right to hold office. We further conclude the City's classification of Price (an officeholder) as a person not entitled to represent himself before the City Zoning Board is a classification rationally related to the legitimate interests of preventing the appearance of impropriety, conflicts of interests, and self dealing in city government. Price's fifth and sixth points of error are overruled.

■ In his seventh and eighth points of error, Price complains the district court erred in granting the City's motion for summary judgment because the City's actions denied Price his right of free speech. We disagree.

Our task is to seek "a balance between the interests of the [appointed official], as a citizen, in commenting upon matters of public concern and the interest of the [City], as an [entity], in promoting the efficiency of the public services it performs through its [officials]." *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968). If Price's appearances before the Zoning Board "cannot be fairly characterized as constituting speech on a matter of public concern, it is unnecessary for us to scrutinize the reasons for" his removal. *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708 (1983).

We conclude Price's appearances before the City Zoning Board were for purely personal reasons. The City did not attempt to inhibit Price's right to speak on matters of public concern and we will not further scrutinize the City's decision to remove Price. We conclude the City imposed a constitutionally permissible restriction on Price's speech for the purpose of effectuating good government. Price's seventh and eighth points of error are overruled.

Because the district court's judgment is sustainable on all points discussed, it is unnecessary for us to address Price's ninth point of error.

 In his tenth point of error, Price complains the district court erred in granting the City's motion for summary judgment on his defamation claim because genuine issues of material fact still remain. Although genuine issues of material fact may still remain on Price's defamation claim, we conclude he has waived his right to that complaint on appeal.

Price broadly pleaded the City had defamed him. At the hearing on the motions for summary judgment, the City contended that any statements it made in this connection were privileged. Price now claims some statements made by the City were not privileged because they were made outside the confines of the City Council chambers, but nowhere in the record do we find Price raised such a contention in the trial court. In a summary judgment proceeding, "issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex.R. Civ.P.Ann. 166–A(c) (Supp.1987). It was not the City's responsibility to "negate all possible issues of law and fact that *could* be raised ... in the trial court but were not." *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979) (emphasis in original). We overrule Price's tenth point of error.

We affirm the judgment of the trial court.