**Berney R. KESZLER, M.D., Appellant,**

v.

**MEMORIAL MEDICAL CENTER OF EAST TEXAS, Appellee.**

No. 09–95–268 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 12, 1996.

Decided Oct. 24, 1996.

Rehearing Overruled Nov. 14, 1996.

Monty G. Murry, Murry & Griffin, Texarkana, for appellant.

David L. Allen, Robert T. Cain, Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This appeal arises from the granting of a summary judgment in favor of appellee. Appellant filed suit against Memorial Medical Center of East Texas, appellee, for damages sustained as a result of prolonged exposure to a toxic gas while working in the surgery department of appellee. Appellant seeks damages on multiple theories of law, including gross negligence. Appellee filed its motion for summary judgment alleging that appellant's claims against appellee were released as a result of a settlement agreement previously signed by appellant which involved a dispute concerning staff privileges. Upon the trial court's granting of the summary judgment, appellant perfected his appeal.

Appellant brings forth two points of error: (1) the trial court erred in granting summary judgment that appellant take nothing against appellee; (2) the trial court erred because appellee failed to show that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. We sustain appellant's point of error one and reverse and remand this cause for a trial on the merits.

Appellee takes the position that the only issue in this case is the construction of a release executed by appellant in favor of the appellee.

Appellee, in its motion for summary judgment, alleged that appellant released and waived all causes of action he may have had against appellee, whether sounding in tort or contract, by the signing of a Compromise Settlement Agreement and a Release, both signed on December 14, 1987, which involved the settlement of a dispute concerning staff privileges. Paragraph 12 of the Compromise Settlement Agreement states as follows:

(12) KESZLER shall release and forever discharge MEMORIAL, its Trustees, directors, employees or agents past or present from any and all claims, causes of action, demands, known or unknown, which KESZLER has or may have and which have not accrued, arising out of and in connection with the corrective action taken against KESZLER by MEMORIAL and any other actions KESZLER might have against MEMORIAL for any such action taken against KESZLER.

The Release signed by appellant on the same day as the Compromise Settlement Agreement, contains similar language and provides that appellant "does hereby RELEASE, ACQUIT and FOREVER DISCHARGE MEMORIAL ... from any and all claims, demands, actions, and causes of action ... arising out of corrective action taken by MEMORIAL ... and any other matter relating to BERNEY R. KESZLER'S relationship with MEMORIAL MEDICAL CENTER OF EAST TEXAS, including but not limited to his relationship as a member of the staff or as a physician having clinical privileges...."

When reviewing a summary judgment on appeal, this court must determine whether the movant carried his burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant is to be taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* at 548–549.

■ In its motion for summary judgment, appellee asserted it was entitled to judgment as a matter of law on the grounds that all claims asserted by appellant herein were released and waived as a result of the Compromise Settlement Agreement and the Release which were signed by appellant on December 14, 1987. However, the law is well settled in Texas that, in order to effectively release a claim, the releasing instrument must "mention" the claim to be released. *Victoria*

*Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 938 (Tex.1991); *Vela v. Pennzoil Producing Co.,* 723 S.W.2d 199, 204 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); *Houston Oilers, Inc. v. Floyd,* 518 S.W.2d 836, 838 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

■ The claims being made by appellant in the present case for his alleged exposure to ethylene oxide gas and resulting personal injury damages are not "mentioned" in the release. The Compromise Settlement Agreement in question does not mention any claims of fraud, negligence, or gross negligence, but it specifically refers to "the corrective action taken against KESZLER by MEMORIAL." (Paragraph 12, Compromise Settlement Agreement). In order to determine the meaning of "the corrective action taken," we examine the preamble clauses in the Compromise Settlement Agreement between the parties, as was done by the Supreme Court in *Victoria Bank & Trust Co., supra,* which are generally included at the beginning of a release to show the intent of the parties and the matters to which the settlement or release relates. Here, we find the following:

WHEREAS, MEMORIAL, is the owner of an acute care hospital facility in Lufkin, Angelina County, Texas; and

WHEREAS, KESZLER pled guilty to the felony offense of Tampering With Government Documents on April 20, 1987; and

WHEREAS, MEMORIAL through its administrator, initiated corrective action pursuant to the Medical Staff Bylaws of MEMORIAL against KESZLER on May 18, 1987, requesting that his staff membership and clinical privileges be revoked; and

WHEREAS, bona fide disputes and controversies exist between the parties, both as to purported disciplinary/corrective action against KESZLER by MEMORIAL and as a result of KESZLER'S association with MEMORIAL as a hospital-based physician; and

We find no mention in the preambles of anything related to appellant's present claims for exposure to ethylene oxide gas, fraud,

negligence, or *gross negligence.* Further, this court has held in *Smith v. Golden Triangle Raceway,* 708 S.W.2d 574, 576 (Tex. App.—Beaumont 1986, no writ), "a term in a release attempting to exempt one from liability or damages occasioned by gross negligence is against public policy."

Having sustained appellant's first point of error, we do not address his second point.

The judgment below is reversed and the cause is remanded for a trial on the merits.

REVERSED AND REMANDED.