Neal S. Manne and Jeffrey S. Thompson, Houston, for petitioner.

Louis P. Bickel, Kathleen M. LaValle, P. Michael Jung, Dallas and E. Edward Bruce, Washington, DC, for respondent.

**Don HAGLER, Petitioner,**

v.

**The PROCTOR & GAMBLE MANUFACTURING COMPANY, Respondent.**

No. 94–0746.

Supreme Court of Texas.

Oct. 6, 1994.

Rehearing Overruled Nov. 3, 1994.

PER CURIAM.

Don Hagler, a forty year employee of Procter & Gamble (P & G), was stopped taking a telephone he believed he owned from the P & G Dallas plant. After an investigation into the incident, the managers of the Dallas P & G plant voted to terminate Hagler for violating P & G's rule prohibiting theft of company property. The plant manager posted a notice of Hagler's termination for theft on bulletin boards throughout the plant. The notice remained posted for eight days. Hagler sued Procter & Gamble for libel. The trial court concluded that P & G was entitled to claim qualified privilege in this case, and that finding is not challenged on appeal. The trial court submitted questions regarding the notice's falsity and P & G's actual malice in posting the notice to the jury, which found in favor of Hagler. The court of appeals, however, determined that the jury's finding that P & G acted with actual malice is not supported by factually sufficient evidence. The court of appeals reversed the trial court's judgment and remanded the cause for a new trial. 880 S.W.2d 123.

This court has set forth the legal standard for proving actual malice in a defamation case, stating that actual malice is a term of art which is separate and distinct from traditional common law malice. Actual malice in the defamation context does not include ill will, spite or evil motive, but rather requires "sufficient evidence to permit the conclusion

that the defendant in fact entertained serious doubts as to the truth of his publication." *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989). Actual malice is not ill will; it is the making of a statement with knowledge that it is false, or with reckless disregard of whether it is true. *Carr v. Brasher,* 776 S.W.2d 567, 571 (Tex.1989). In denying the application for writ of error, a majority of the court disapproves the analysis of the court of appeals embodied in the following language:

> [A]ctual malice generally requires a higher level of culpability than mere ill will or animosity. Here the evidence does not rise to the level of ill will, much less to a higher level of culpability.

880 S.W.2d at 128–29. The application for writ of error is denied.