Louis C. GARCIA, Jr., Appellant,

v.

Travis BURRIS and The Bank Of Alice, Appellees.

No. 04–96–01036–CV.

Court of Appeals of Texas, San Antonio.

Dec. 24, 1997.

Rehearing Overruled Feb. 6, 1998.

William J. Kolb, Law Offices of William J. Kolb, Anthony E. Pletcher, Corpus Christi, Michael Sean Quinn, Sheinfeld, Maley & Kay, P.C., Austin, for Appellant.

Kevin F. Mickits, Harvey R. Hardwick, Upton, Mickits, Hardwick & Heymann, L.L.P., Corpus Christi, for Appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

STONE, Justice.

This appeal arises from a grant of summary judgment in a defamation suit brought by an employee against his former employer for statements contained in an employment evaluation. Appellant, Louis Garcia, brought a defamation suit against appellees, Travis Burris and the Bank of Alice (Bank), for statements included in Garcia's employment evaluation. In one point of error, Garcia contends that the trial court erred by granting the Bank's motion for summary judgment. We disagree and affirm the judgment of the trial court.

### FACTUAL BACKGROUND

This suit involves three principal actors from the Bank: Travis Burris, President and Chief Executive Officer; Manuel Galindo, Executive Vice–President; and Garcia, Senior–Vice President. Burris drafted a typewritten evaluation of Garcia's job performance and submitted the evaluation to Galindo as Garcia's immediate supervisor. Galindo subsequently scheduled a meeting in which Burris, Galindo, and Garcia were to review the evaluation.

Garcia met with Burris and Galindo to discuss the evaluation. Under the heading "Quality of Work," the evaluation contained the following statement: "In April of 95 we received a complaint threatening legal action against the bank for your breaking the Fair Debt Collection Practices Act." Garcia refused to discuss the evaluation during the meeting and requested time to prepare a formal written response. Garcia rejected additional attempts to discuss the evaluation, and the Bank subsequently terminated Garcia for insubordination.

### ARGUMENT ON APPEAL

Garcia argues that the court erred in granting the Bank's motion for summary judgment because the Bank offered no proof in support of its motion. Garcia contends the Bank failed to either negate the elements of a defamation cause of action or prove the Bank is entitled to summary judgment as a matter of law. We find that the employment

evaluation enjoys the protection of a qualified privilege and that Garcia failed to survive summary judgment by negating the privilege with a showing of actual malice.

## STANDARD OF REVIEW

We review the lower court's grant of summary judgment under well established summary judgment principles. The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). An affirmative defense may support a summary judgment if the defendant proves all the elements of the affirmative defense as a matter of law, thereby demonstrating that no genuine issue of material fact exists. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). In deciding whether summary judgment was proper, we take as true all evidence favoring the non-movant. *Nixon,* 690 S.W.2d at 548–49; *Montgomery,* 669 S.W.2d at 311. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Nixon,* 690 S.W.2d at 549; *Montgomery,* 669 S.W.2d at 311.

## DEFAMATION CAUSE OF ACTION

■ The Legislature has codified the law of libel in the Texas Civil Practice & Remedies Code. A libel is a defamation expressed in written or other graphic form that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt, ridicule, or financial injury, or to impeach any person's honesty, integrity, virtue, or reputation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (Vernon 1997). In a defamation action, the trial court must first determine as a matter of law whether the words used are reasonably capable of a defamatory meaning. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Musser v. Smith Protective Services, Inc.,* 723 S.W.2d 653, 654 (Tex.1987). In making its determination, the court considers the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. *See Fitzjarrald v. Panhandle Pub. Co.,* 149 Tex. 87, 228 S.W.2d 499, 504 (1950). The question should not be submitted to the jury unless the language is ambiguous or of doubtful import. *Musser,* 723 S.W.2d at 655.

■ Garcia argues that the statement "In April of 95 we received a complaint threatening legal action against the bank for your breaking the Fair Debt Collection Practices Act" has two reasonable readings, rendering it ambiguous, and necessitating its presentation to a jury. Garcia agrees that one interpretation of the statement is as the Bank argues: the Bank received a call threatening legal action and the *caller* stated the reason for the threat was Garcia's violations of the Act. However, Garcia reads the statement as: the Bank received a threatening call, and the *Bank* believes the reason for the call was Garcia's violation of the Act. Garcia's reading of the statement imputes the allegation regarding Garcia's actions to the Bank rather than the caller. Indulging all inferences in favor of Garcia, the non-movant, we find that both readings of the statement are reasonable and would require presenting the defamation question to a jury. However, even if the statement is ambiguous and potentially libelous, the issue of publication must be addressed.

Regardless of the defamatory nature of the statement, the Bank argues that as a matter of law no publication occurred, and therefore the trial court did not err in granting summary judgment. The Bank contends that Burris prepared a draft evaluation and presented it to Galindo for corrections. Therefore, the Bank contends that Burris and Galindo co-authored the evaluation, and since only Burris, Galindo, and Garcia saw the evaluation, there was no publication to a third party. The Bank fails to provide this court with authority for its argument. While we do not expressly reject the Bank's argument regarding co-authored publications, we believe the facts of this case illustrate a classic example of qualified privilege regarding employer-employee relations.

Assuming the elements of a defamation cause of action, a qualified privilege exists when an employer publishes allegedly defamatory remarks regarding an employee to a person having a corresponding interest or duty in the matter to which the communication relates. *See Stephens v. Delhi Gas Pipeline Corp.*, 924 S.W.2d 765, 770 (Tex. App.—Texarkana 1996, writ denied); *Schauer v. Memorial Care Sys.*, 856 S.W.2d 437, 449 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 572–73 (Tex.App.—Dallas 1989, no writ). The trial court determines the existence of a qualified privilege as a question of law. *See Denton Publishing Co. v. Boyd*, 460 S.W.2d 881, 884 (Tex.1970); *Stephens*, 924 S.W.2d at 770.

In the present case, other than Garcia, only two members of the Bank reviewed Garcia's evaluation: Burris and Galindo. Burris prepared the evaluation pursuant to his duties as CEO and President, and then distributed the evaluation to Galindo as Garcia's direct supervisor. Both Burris and Galindo have an interest or duty in Garcia's evaluation. Therefore, a privilege exists as a matter of law.

To overcome the privilege, Garcia was required to present summary judgment evidence that Burris or the Bank acted with actual malice. *See Stephens*, 924 S.W.2d at 771; *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814, 816 n. 1 (Tex.Civ. App.—Tyler 1980, no writ). "Actual malice in the defamation context does not include ill will, spite or evil motive, but rather requires 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'" *Hagler v. Proctor & Gamble Mfg. Co.*, 884 S.W.2d 771, 772 (Tex.1994) (citing *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex.1989)). Actual malice includes making a statement knowing it is false or with reckless disregard of whether it is true. *Hagler*, 884 S.W.2d at 772 (citing *Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex.1989)). " 'Reckless disregard' is defined as a high degree of awareness of probable falsity, for proof of which the plaintiff must present 'sufficient evidence to permit the conclusion that the defendant in fact

entertained serious doubts as to the truth of his publication.'" *Carr*, 776 S.W.2d at 571 (citing *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325–26, 20 L.Ed.2d 262 (1968)); *Casso*, 776 S.W.2d at 558. Garcia failed to provide such evidence.

Garcia contends the Bank's failure to reprimand Garcia at the time of the threatening telephone call illustrates the Bank's belief that the allegation was unfounded. Therefore, Garcia argues that if the Bank believed the allegation to be false, use of the allegation in the employment evaluation constitutes actual malice. We disagree.

Under Garcia's argument, an employer would be required to take punitive action against an employee on every allegation regarding that employee's conduct, or suffer possible exposure to a defamation cause of action if the allegation were documented in a subsequent employment evaluation. Not only would such a rule hamstring employers who wish to engage in varied methods of evaluating employee performance, it would also promote unilateral punishment of employees for any allegation, regardless of its merit. For these reasons we cannot say it is reasonable to infer that mention of the customer's complaint in the evaluation evidences actual malice. In the absence of summary judgment evidence overcoming the privilege defense, summary judgment was proper. *See Stephens*, 924 S.W.2d at 771.

### CONCLUSION

We hold that the employment evaluation at issue in this case receives the benefit of a qualified privilege and Garcia failed to refute the privilege with a showing of actual malice. The trial court did not err in granting the Bank's motion for summary judgment. Accordingly we affirm the judgment of the trial court.