NUMBER 13-03-006-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
STEVE CHILDERS,                                                                      Appellant,
v.
KING RANCH, INC. AND JACK HUNT,                                      Appellees.



On appeal from the 105th District Court
of Kleberg County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Yañez and Garza

                             Opinion by Chief Justice Valdez
           This is an appeal of a summary judgment granted in favor of appellees, King Ranch,
Inc. (King Ranch) and Jack Hunt (Hunt), and against appellant, Steve Childers. In two
issues, appellant asserts the trial court erred: (1) by denying appellant’s motion to modify
discovery control plan and granting appellees’ motion to quash and for protective order;
and (2) by granting appellees’ motion for summary judgment. We affirm.
I. Factual and Procedural Background
          This case involves claims asserted in connection with the termination of appellant’s
employment at King Ranch. Appellant’s November 22, 2000 original petition named King
Ranch as defendant and asserted causes of action for breach of contract, defamation,
respondeat superior and wrongful discharge. Appellant requested discovery be conducted
under discovery control plan level III,


 but failed to request the trial court enter a docket
control order. The trial court did not enter an order.
          On December 21, 2000, appellant served King Ranch with a request for disclosure,
and King Ranch timely responded on January 23, 2001. During the nine-month discovery
period,


 appellant did not seek any additional discovery and took no depositions. On
September 25, 2001, the parties executed a rule 11 agreement


 which stated: “Steve
Childers, Plaintiff, and King Ranch, Inc., Defendant, agree and stipulate that the discovery
deadline of October 19, 2001, is extended until December 19, 2001 for the limited purpose
of allowing the parties to take additional depositions.” Discovery ended pursuant to the
parties’ rule 11 agreement on December 19, 2001. King Ranch took the deposition of a
non-party witness during this extended discovery period; appellant did not schedule or take
any depositions. 
 
          On January 9, 2002, appellant filed his first amended original petition adding Hunt
as a defendant. Appellant modified the causes of action asserted, abandoning previously
asserted causes of action for breach of contract and wrongful termination and adding new
causes of action for tortious interference with a business relationship, quantum meruit, and
equitable estoppel. Appellant again requested discovery be conducted under discovery
control plan level III. Appellees timely filed an answer on January 24, 2002.
          On May 15, 2002, appellant served King Ranch with a request for production and
Hunt with a request for disclosure. On May 31, 2002, the parties executed a second rule
11 agreement whereby appellant withdrew his request for production to King Ranch and
agreed that Hunt was only required to respond if the trial court denied appellees’ June 6,
2002 motion to quash and for protective order. Appellant submitted a motion to modify
discovery control plan, and a hearing was held on all submitted discovery motions on June
27, 2002. By order dated August 8, 2002, the trial court granted appellees’ motion to
quash and for protective order and denied appellant’s motion to modify discovery control
plan. Thereafter, appellant filed his second amended original petition on August 26, 2002. 
Appellant’s second amended original petition abandoned his claims for tortious
interference with a business relationship and quantum meruit. Appellant asserted claims
for defamation, under a theory of respondeat superior, against King Ranch and equitable
estoppel against Hunt. 
          Appellees filed a motion for summary judgment on June 4, 2002, and a hearing was
held on the motion on August 29, 2002. The court granted appellees’ motion, and a final
judgment granting summary judgment was signed on September 30, 2002. Appellant
timely filed a notice of appeal on October 31, 2002. 
II. Analysis
A. Jurisdiction
          In a sub-issue of appellant’s second issue on appeal, appellant asserts the order
granting appellees’ motion for summary judgment is not final, as it does not dispose of all
causes of action submitted. Appellant’s complaint is that appellees’ June 4, 2002 motion
for summary judgment asserted a right to judgment on appellant’s defamation, tortious
interference with a contract, quantum meruit and equitable estoppel causes of action, but
not his respondeat superior claim. This presents a challenge to the Court’s jurisdiction
which must be addressed as a preliminary matter. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001). 
Standard of Review
          The Court reviews challenges to the finality of a summary judgment under a de novo
standard of review. See Garcia v. Comm'rs Court, 101 S.W.3d 778, 783-84 (Tex.
App.–Corpus Christi 2003, no pet.).
Analysis
          Generally, an appeal may be taken only from a final judgment. See id. A judgment
issued without a conventional trial is final for purposes of appeal only if it actually disposes
of all claims and parties then before the court, regardless of its language. See Lehmann,
39 SW.3d at 200. Because the law does not require that a final judgment be in any
particular form, whether a judicial decree is a final judgment must be determined from its
language and the record in the case. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266,
272 (Tex. 1992).     Appellant’s live pleading at the time the judgment was rendered
included a claim for defamation, under a theory of respondeat superior, against King
Ranch and a claim for equitable estoppel against Hunt. See Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 155 (Tex. 2004) (providing an explanation of the plaintiff’s live
pleading). Although appellees’ motion does not specifically request judgment on
appellant’s “respondeat superior claim,” it does request judgment on appellant’s
defamation claims. Appellant cannot maintain his respondeat superior claim without the
underlying defamation claim. See Minyard Food Stores v. Goodman, 80 S.W.3d 573, 577-78 (Tex. 2002). Thus, we conclude the trial court’s judgment disposes of all parties and
claims asserted. See Garcia, 101 S.W.3d at 792-93. Accordingly, we conclude the trial
court’s judgment is final, and we are therefore vested with jurisdiction. Appellant’s sub-issue challenging finality is overruled.


 
B. Summary Judgment
          Appellant’s second issue asserts the trial court erred by granting appellees’ motion
for summary judgment, asserting the trial court improperly applied the summary judgment
standard. Appellees’ motion for summary judgment covered causes of action for
defamation, tortious interference with a contract, quantum meruit and equitable estoppel. 
However, appellant amended his petition prior to the trial court’s ruling on appellees’
motion. Appellant’s live pleading at the time the judgment was rendered consisted of a
claim for defamation, under a theory of respondeat superior, against King Ranch and a
claim for equitable estoppel against Hunt. See Two Thirty Nine Joint Venture, 145 S.W.3d
at 155. We will therefore only address these claims. See Tex. R. App. P. 47.4. 
Standard of Review
          Appellees filed a traditional motion for summary judgment, and the standard of
review used in traditional challenges is well-settled. See Cathey v. Booth, 900 S.W.2d
339, 341 (Tex. 1995). Accordingly, we will not recite it here. See Tex. R. App. P. 47.4.
Analysis
1. Defamation
          Appellees’ motion for summary judgment asserts appellant’s defamation claims fail
because (1) the claims against Hunt are barred by the one-year limitations period; (2) the
alleged statements are not defamatory; (3) if made, the statements are true; and (4) the
alleged statements are protected by a qualified privilege and there is no evidence of actual
malice to defeat the privilege. The trial court’s final judgment does not specify which
ground or grounds served as the basis of its summary judgment. When the trial court
enters a broad judgment not specifying the grounds upon which the judgment is granted,
then all grounds asserted by the movant will be considered to determine if any ground
supports the judgment. See Rogers v. Ricane, 772 S.W.2d 76, 79 (Tex. 1989). 
Qualified Privilege
          An employer has a conditional or qualified privilege that attaches to communications
made in the course of an investigation following a report of employee wrongdoing. See
Randall's Food Mkts. v. Johnson, 891 S.W.2d 640, 646 (Tex. 1995). The privilege remains
intact as long as communications pass only to persons having an interest or duty in the
matter to which the communications relate. Id. Proof that a statement was motivated by
actual malice existing at the time of publication defeats the privilege. Id. In the defamation
context, a statement is made with actual malice when the statement is made with
knowledge of its falsity or with reckless disregard as to its truth. See Hagler v. Procter &
Gamble Mfg. Co., 884 S.W.2d 771, 772 (Tex. 1994) (per curiam). To invoke the privilege
on summary judgment, an employer must conclusively establish that the allegedly
defamatory statement was made with an absence of malice. See Jackson v. Cheatwood,
445 S.W.2d 513, 514 (Tex. 1969) (per curiam).
          The record establishes that the assertions were made in an employment context,
and appellant does not dispute the statements were only published to interested parties. 
To establish lack of actual malice, appellees rely on affidavits of interested parties and the
lack of evidence offered to show actual malice by appellant. The basis of appellees’
contention is that Hunt relied on conclusions in the Nillies Report


 and had no reason to
believe that the statements and assertions, when published, were allegedly false. 
           The only evidence offered to establish Hunt’s frame of mind, which is necessary
to establish good faith or lack of malice, was his own affidavit. See id. Our summary
judgment rule permits the granting of a summary judgment on the basis of uncontroverted
affidavit testimonial evidence of an interested witness if that evidence "is clear, positive and
direct, otherwise credible and free from contradictions and inconsistencies, and could have
been readily controverted." Tex. R. Civ. P. 166a. The difficulty arises in the application of
the final prong of this rule. The Texas Supreme Court overruled its prior precedent


 in
Casso and provided: 
We believe that "could have been readily controverted" does not simply
mean that the movant's summary judgment proof could have been easily and
conveniently rebutted. Rather, it means that testimony at issue is of a nature
which can be effectively countered by opposing evidence. If the credibility
of the affiant or deponent is likely to be a dispositive factor in the resolution
of the case, then summary judgment is inappropriate. On the other hand, if
the non-movant must, in all likelihood, come forth with independent evidence
to prevail, then summary judgment may well be proper in the absence of
such controverting proof.
 
Casso v. Brand, 776 S.W.2d 551, 558 (Tex. 1989).
          To prevail at trial, a plaintiff must show that defendant made a false and defamatory
statement of fact "with knowledge that it was false or with reckless disregard of whether it
was false or not." Forbes Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 171 (Tex.
2003) (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964)). Actual
malice, as used in defamation cases, is a term of art which is separate and distinct from
traditional common law malice. It does not include ill will, spite or evil motive, but rather
requires "sufficient evidence to permit the conclusion that the defendant in fact entertained
serious doubts as to the truth of his publication." See id. (quoting St. Amant v. Thompson,
390 U.S. 727, 731 (1968)). It is not enough for the jury to disbelieve defendant's testimony;
rather, the plaintiff must offer clear and convincing affirmative proof to support a recovery. 
See Casso, 776 S.W.2d at 558. While it is conceivable that a defendant's trial testimony,
under the rigors of cross-examination, could provide that requisite proof, it is more likely
that plaintiff will have to secure that evidence elsewhere. See id. If he cannot secure it
during the discovery process, he is unlikely to stumble on to it at trial. See id. 
           Appellant points to his own affidavit to controvert appellees’ asserted qualified
privilege. Appellant’s affidavit broadly denies the material representations contained in
appellees’ summary judgment proof and contends that appellee Jack Hunt acted with
actual malice. However, no affirmative proof was attached to the affidavit to substantiate
his contentions regarding appellee’s alleged malice. Further, we examined the summary
judgment record and found no other controverting proof on the question of actual malice. 
Thus, we conclude appellant has failed to present affirmative proof raising a genuine issue
of material fact on the issue of actual malice. Accordingly, summary judgment was proper. 
See id. 
          Because we find appellee is entitled to a qualified privilege, we need not address
appellant’s remaining contentions and overrule his second issue on appeal. See Tex. R.
App. P. 47.4; Rogers, 772 S.W.2d at 79. We further conclude we need not address
appellant’s respondeat superior claim, as it is premised on his defamation claim. See Tex.
R. App. P. 47.4; Minyard Food Stores, 80 S.W.3d at 577-78. 2. Equitable Estoppel 
          Appellant’s equitable estoppel claim is based on alleged oral representations by
Hunt that the proposed new incentive program would be more beneficial to appellant,
allowing appellant the opportunity to make more money. Appellees assert that equitable
estoppel is not an independent cause of action. We agree. 
          We have previously held that estoppel is not an independent cause of action. See
Traylor v. Gray, 547 S.W.2d 644, 652 (Tex. Civ. App.–Corpus Christi 1977, writ ref'd n.r.e.). 
Estoppel is defensive in character, and its function is to preserve rights, and not to bring
into being an independent cause of action. Id. Liability cannot be based on estoppel
alone; the effect of estoppel is to prevent an opposed party from asserting a legal right to
which he would otherwise have been entitled. Id. Accordingly, we sustain appellees’
contention.
C. Discovery Motions
          In his first issue, appellant asserts the trial court erred by denying his motion to
modify discovery control plan to level III and granting appellees’ motion to quash and for 
protective order. Appellant’s complaints regarding discovery as to Hunt are moot;
appellant’s live pleading does not allege a tenable cause of action against Hunt.


 
Therefore, we will only address this complaint as it applies to King Ranch. See Tex. R.
App. P. 47.4. 
Standard of Review
          The abuse of discretion standard used in challenges to a trial court’s ruling on a
discovery motion is well-settled. See Collier Serv. Corp. v. Salinas, 812 S.W.2d 372, 377
(Tex. App.–Corpus Christi 1991, no writ). Accordingly, we will not recite it here. See Tex.
R. App. P. 47.4.
Analysis
Rule 11 Agreements
          The parties executed two rule 11 agreements which set limitations on discovery.
When the requisites for a rule 11 agreement are met,


 the trial court has a ministerial duty
to grant relief in strict accordance with the parties' agreement. See EZ Pawn Corp. v.
Mancias, 934 S.W.2d 87, 91 (Tex. 1996). However, a party has the right to revoke its
consent to a rule 11 agreement at any time before the rendition of judgment. See State
v. Bristol Hotel Asset Co., 65 S.W.3d 638, 651-52 (Tex. 2002) (holding that a rule 11
agreement setting discovery deadline valid and enforceable where State did not repudiate
or object to agreement in trial court). Nevertheless, a court is not precluded from enforcing
a rule 11 agreement once it has been repudiated by one of the parties, but an action to
enforce a rule 11 agreement to which consent has been withdrawn must be based on
proper pleading and proof. See Padilla v. LaFrance, 907 S.W.2d 454, 462 (Tex. 1995). 
In such a case, a party may seek to enforce the agreement under contract law. See id. at
461-62.
          Neither King Ranch nor appellant contests the validity of the rule 11 agreements or
assert consent was withdrawn. Therefore, the trial court was tasked with the ministerial
duty to grant relief in strict accordance with the parties' agreements. In the September 25,
2001 agreement, appellant agreed and stipulated to extend the October 19, 2001
discovery deadline to December 19, 2001, for the limited purpose of allowing the parties
to take additional depositions. Thus, pursuant to the parties’ agreement, discovery as to
King Ranch ended for all purposes on December 19, 2001. The trial court’s ruling strictly
conforms to the parties’ agreement, and accordingly, we conclude the trial court did not
abuse its discretion.
III. Conclusion 
          We affirm the trial court’s ruling. 
 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
 

Memorandum Opinion delivered and filed
this 7TH day of April, 2005.