Willie Mae SIMPSON, Appellant,

v.

HARRIS COUNTY, Appellee.

No. 14–96–00061–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 1997.

---

Neil G. Baron, Texas City, for appellant.

Cedric K. Loeb, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Harris County. Appellant, Willie Mae Simpson, sued the county for negligence and gross negligence under the Texas Tort Claims Act after she fell on the steps outside the Harris County Family Law Center. The county moved for summary judgment, contending that it owed appellant only the duty a private landowner owes to a licensee and that its maintenance of the steps was not grossly negligent. The trial court granted this motion. In three points of error, appellant contends the trial court erred in entering summary judgment for the county and denying her motion for new trial in that (1) the county failed to carry its burden of summary judgment proof; (2) the court misapplied the summary judgment rules and standards; and (3) there remain genuine issues of material fact. We affirm the judgment of the trial court.

The record before this Court shows that on the morning of December 28, 1992, appellant was leaving the Harris County Family Law Center after attending a hearing related to her divorce case. She exited the building and approached the outdoor steps that led to Franklin Street. As she did so, appellant observed a number of unidentified individuals climbing the steps. She said some of them slipped, and commented to her as they passed that the steps were wet and slippery. Appellant then attempted to make her way down the steps. However, she slipped on the wet steps and fell, allegedly injuring her back, leg, ankle, and foot. Appellant filed this suit against the county claiming negligence and gross negligence in that the concrete steps were worn, no handrail was provided, no warning of these defects was posted, and the steps had not been properly inspected and maintained. Appellant also contended she was an invitee of the

county because she had paid a filing fee in her divorce case. The fee, she contends, constitutes payment for the use of the courthouse premises.

The county moved for summary judgment. It argued that appellant was not entitled to invitee status through the payment of a filing fee and that its conduct with regard to the maintenance of the steps was not grossly negligent as a matter of law. The motion was granted. Thus, the issues presented in this appeal are: (1) is the county liable to the appellant as an invitee; and (2) were the county's acts concerning the maintenance of the steps willful, wanton, or grossly negligent.

When reviewing a summary judgment, we employ the well established standards set forth in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex.1985). To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 548. Every reasonable inference should be resolved in favor of the non-movant. *Id.* at 549. Moreover, evidence favorable to the movant's position should not be considered unless it is uncontroverted. *McCord v. Avery*, 708 S.W.2d 954, 955 (Tex.App.—Fort Worth 1986, no writ). If such evidence is from an interested witness, it cannot be considered as doing more than raising a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Tex.R. Civ. P. 166a(c). The summary judgment will only be affirmed if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

█ The Texas Tort Claims Act provides that if a claim arises from a premises defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property unless the claimant has paid for the use of the premises. Tex. Civ. Prac. & Rem.Code Ann. § 101.022(a) (Vernon 1997). The duty owed to a licensee is to not injure the licensee through willful, wanton, or gross negligence. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex.1974). An exception to this rule exists when the licensor has knowledge of a dangerous condition and the licensee does not. In such a case, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe. *Id.*

Appellant claims that since she paid a filing fee to institute her divorce proceedings, she had paid for the use of the courthouse premises and is thus an invitee of the county. While neither party presents a case dealing with the payment of filing fees, appellant argues that this case is analogous to *M.D. Anderson Hosp. v. Felter*, 837 S.W.2d 245, 247–48 (Tex.App.—Houston [1st Dist.] 1992, no writ). In that case, the court held the plaintiff's payment for her husband's medical treatment constituted payment for the use of hospital premises under the Tort Claims Act. The county, however, urges that the case here is more like *Garcia v. State*, 817 S.W.2d 741, 743 (Tex.App.—San Antonio 1991, writ denied), where the court found that a plaintiff's payment of licensing fees and fuel taxes did not render him an invitee on the state's highway system.

█ The purpose of court filing fees was discussed in *LeCroy v. Hanlon*, 713 S.W.2d 335, 341–43 (Tex.1986). Every individual is guaranteed by the Texas constitution a right of access to the courts. Tex. Const. art. I, § 13. The filing fees paid by non-indigent litigants are used to support the judiciary and its related support services. While not a general-revenue tax, these fees are a cost of the administration of justice and are levied to help defray the expenses of the courts. *See Le Croy*, 713 S.W.2d at 342 & n. 10. They are not payment for the use of the courthouse premises as contemplated by Section 101.022 of the Texas Tort Claims Act. Thus, appellant is not entitled to invitee status by virtue of her payment of a court filing fee.

█ We next consider whether the county could be liable under the exception recognized in *Tennison*, when a licensor has knowledge of a dangerous condition and his licensee does not, the licensor must either

warn the licensee or make the condition reasonably safe. *Tennison*, 509 S.W.2d at 562. Here, appellant's deposition testimony reveals that as she approached the steps, she observed other people slipping on the wet treads of the stairway. Although they did not fall, appellant testified that these individuals commented to her that the steps were wet and slippery. Under these circumstances, we cannot say that appellant was unaware of the condition of which she now complains. Therefore, the county cannot be liable under the *Tennison* exception.

 Finally, we consider whether the county's actions with regard to the maintenance and inspection of the steps amounted to willful, wanton, or gross negligence. For there to be a finding of gross negligence, there must be some showing that the defendant knew about the dangerous condition, but was consciously indifferent to the rights, welfare, or safety of those persons affected by it. *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981). Ordinary negligence becomes gross negligence only when a defendant's acts or omissions show that he knew of the danger and did not care enough to remedy it. *Brazoria County v. Davenport*, 780 S.W.2d 827, 829 (Tex.App.—Houston [1st Dist.] 1989, no writ).

 Here, the county offered the affidavit of J.E. McCain, the Building Superintendent for Harris County. McCain's affidavit states that he is responsible for the overall maintenance and safety of buildings owned and operated by Harris County, including the Family Law Center. When any slip and fall, injury, incident, or complaint occurs, it is the county's practice for the information clerk or security officer on duty to file a written report concerning the matter. These reports are submitted to McCain for appropriate action and then filed in the Harris County's Record Storage Facility. McCain stated that he has reviewed the records for the Family Law Center for the five year period preceding appellant's injury and discovered no requests for maintenance or repair, no reports of falls, near falls, or any injury attributable to any defect or retention of wetness, moisture, or slippery substance on the steps around the Family Law Center. Appellant responds only that in Houston's wet climate, it is inconceivable that the county would not anticipate the outdoor steps would sometimes be wet and dangerous.

Although the county's lack of knowledge concerning the wet condition on the steps is shown through the affidavit of a county employee, an interested witness, a similar affidavit was recently found by the Texas Supreme Court to be sufficient to support a summary judgment for a premises owner. In *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 2–3 (Tex.1996), the court considered the affidavit of a hotel manager who stated that there had been no incidents or complaints concerning slippery or defective conditions in the hotel's shower stalls. The court found this affidavit sufficient to show a lack of knowledge by the hotel concerning any dangerous condition in the showers, thus precluding the plaintiff's premises liability claim based on negligence, a failure to warn, or the absence of safety devices. *Id.* at 3.

Accordingly, appellant's first, second, and third points of error are overruled. The judgment of the trial court is affirmed.