Opinion issued November 18, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00997-CV




PATRICIA DANIELS, Appellant

V.

UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AND
HARRIS COUNTY, TEXAS, Appellees




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2002-21517




MEMORANDUM OPINION
          Patricia Daniels, appellant, filed claims against University of Texas Health
Science Center (UTHSC) and Harris County, Texas, appellees, under the Texas Tort
Claims Act (Tort Claims Act) and a general negligence theory. The trial court
granted both appellees’ partial summary judgment on the Tort Claims Act cause of
action and their pleas to the jurisdiction on appellant’s general negligence claim. We
affirm. 
                                                   BACKGROUND
          Appellant’s employer, Coach USA, contracted with UTHSC to provide
transportation to students around the medical center. While driving her route in the
medical center, appellant stopped at the Harris County Psychiatric Center (Psychiatric
Center) to pick up students. She stepped off the bus onto a grassy strip between the
sidewalk and the curb, and one leg went into a hole approximately 18 inches deep. 
As a result, appellant injured her ankle, knee, and shoulder. Harris County owns and
operates the Psychiatric Center and maintains custodial care of the grounds. UTHSC
is the operator of the Psychiatric Center and staffs the hospital. 
          Appellant sued UTHSC and the County for damages. Both appellees filed
motions asserting that the evidence established that they were entitled to judgment
as a matter of law and, among other things, that there was no evidence (1) to support
appellant’s claim that she was an invitee who was entitled to a higher standard of care
and (2) that they had actual knowledge of the alleged dangerous condition. In support
of its motion for summary judgment, Harris County attached the affidavit of Michael
Yancey, Director of Facilities and Property for Harris County, stating that neither he
nor any of his employees directly responsible for the area where appellant fell had
knowledge that the hole existed. In her response to these motions, appellant
submitted, as her only summary judgment evidence, five photographs of the hole and
the surrounding grassy area. 
          The trial court granted the motions for summary judgment in part, but ruled that
neither motion had addressed appellant’s general negligence claim. Both appellees
then filed pleas to the jurisdiction and motions to dismiss on the general negligence
claim. Appellees asserted in these pleas that the claims of general negligence did not
invoke the jurisdiction of the trial court because the appellees were protected by
sovereign immunity, except as that immunity is waived by the Tort Claims Act, and
the trial court had rendered summary judgment with respect to appellant’s claims
under that Act. The trial court granted the pleas to the jurisdiction and dismissed the
cause. 
          On appeal, appellant challenges (1) Harris County’s summary judgment
evidence as insufficient to sustain a no-evidence motion for summary judgment, (2)
her status as a licensee, (3) the application of sovereign immunity to proprietary
functions of counties and state universities, and (4) the validity of any other bases to
support the summary judgment. 
DISCUSSION
          In their motions for summary judgment, appellees asserted that they were
entitled to judgment under subsections (c) and (i) of rule 166a. See Tex. R. Civ. P.
166a. We consider those arguments relating only to subsection (i), their no-evidence
motions, as dispositive. 
I.       Standard of Review
          Under Rule 166a(i), a party is entitled to summary judgment if, after adequate
time for discovery, there is no evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial. Tex.
R. Civ. P. 166a(i). Thus, a no-evidence summary judgment is similar to a directed
verdict. Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994
S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The motion for
summary judgment may not be general, but must state the elements on which there
is no evidence. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless
the nonmovant produces more than a scintilla of evidence raising a genuine issue of
material fact on each of the challenged elements. See Tex. R. Civ. P. 166a(i); Macias
v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no
pet.).
          The party with the burden of proof at trial has the same burden of proof in the
summary judgment proceeding. Galveston Newspapers, Inc. v. Norris, 981 S.W.2d
797, 799-800 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). That is, under Rule
166a(i), the burden of raising a genuine issue of material fact shifts to the nonmovant
upon the filing of the motion. See Tex.R. Civ. P. 166a(i). In reviewing a summary
judgment, we must indulge every reasonable inference in favor of the nonmovant and
resolve any doubts in its favor. Flameout Design, 994 S.W.2d at 834. 
II.      Duty of Care Under Tort Claims Act
          In her petition, appellant stated a cause of action under the Tort Claims Act.
The Tort Claims Act was enacted to abolish governmental immunity in certain
instances and to grant permission to all claimants to bring suit against the state for all
claims arising under the Act. Brown v. Owens, 674 S.W.2d 748, 750 (Tex. 1984). 
The legislature has carved out three areas in which sovereign immunity is waived: 
(1) claims arising out of the use of motor-driven vehicles and motor-driven
equipment; (2) claims arising from the condition or use of real property, also known
as a premises defect claim; and (3) claims arising from the condition or use of
personal property. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon
2003); City of Denton v. Page, 701 S.W.2d 831, 834 (Tex. 1986); Lowe v. Tex. Tech
Univ., 540 S.W.2d 297, 298 (Tex. 1976).
          Appellant proceeded under a premises defect theory. The statute governing
this type of claim provides:
If a claim arises from a premises defect, the governmental unit
owes to the claimant only the duty that a private person owes to a
licensee on private property, unless the claimant pays for the use of the
premises.

Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a) (Vernon 2003). Therefore, unless
appellant paid for the use of the premises on which she was injured, she must prove
that (1) the condition of the premises created an unreasonable risk of harm; (2) the
governmental unit actually knew of the condition; (3) appellant did not actually know
of the condition; (4) the governmental unit failed to exercise ordinary care to protect
appellant from the dangerous condition; and (5) the governmental unit’s failure to
exercise ordinary care proximately caused appellant’s injury. Corbin v. City of
Keller, 1 S.W.3d 743, 748 (Tex. App.—Fort Worth 1999, pet. denied). 
          Licensee v. Invitee
          In appellant’s second issue, she argues that her status should be that of an
invitee, not a licensee. An invitee is one who enters the property with the permission
of the owner for their mutual benefit. Rosas v. Buddies Food Store, 518 S.W.2d 534,
536 (Tex. 1975). The duty of reasonable care owed by the landowner to an invitee
is found in section 343 of the Restatement (Second) of Torts, which was adopted by
the Supreme Court in Adam Dante Corp. v. Sharpe. 
A possessor of land is subject to liability for physical harm caused
to his invitees by a condition on the land if, but only if, he
 
(a) knows or by the exercise of reasonable care would discover
the condition, and should realize that it involves an unreasonable risk of
harm to such invitees, and
 
(b) should expect that they will not discover or realize the danger,
or will fail to protect themselves against it, and
 
(c) fails to exercise reasonable care to protect them against the
danger.

 483 S.W.2d 452, 454-55 (Tex. 1972), abrogated by Parker v. Highland Park, Inc.,
565 S.W.2d 512, 518 (Tex. 1978) (recognizing that defense of voluntary assumption
of risk had been abolished). 
          A lower standard of care is due a licensee. The duty a property owner owes a
licensee is the duty not to injure the licensee through wilful, wanton, or grossly
negligent conduct or to make safe a dangerous condition of which the owner is aware.
State Dep’t of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). 
          To support her claimed status as an invitee, appellant cites Shell Chemical Co.
v. Lamb for the proposition that the duty owed by a general contractor to the
employees of the subcontractor is the duty owed by an occupier of land to a business
invitee. 493 S.W.2d 742, 746 (Tex. 1973). Lamb is inapplicable to this case, not
only because the general contractor-subcontractor relationship does not apply, but
also because this case is governed by the Tort Claims Act, under which appellees
owed appellant only the duty owed to a licensee unless appellant paid for the use of
the premises. See Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a). 
          Appellant concedes that she never directly paid a cash fee to either appellee. 
However, she asks this Court to extend the requirement that a fee be paid for the use
of the premises to encompass the rendering of services that benefit the owner or
occupier of the premises. Appellant argues that a property owner should not enjoy
greater protection when one he pays for services is injured than when one who pays
for entry onto his property is injured. We decline to make such an extension, which
is clearly in opposition to the language of section 101.022(a).
          Appellant also cites State Department of Highways & Public Transportation
v. Kitchen and Simpson v. Harris County to support her contention that the courts
look beyond a literal interpretation of the statute. In Simpson, the plaintiff sued
Harris County under the Texas Tort Claims Act after she fell on the steps outside the
Harris County Family Law Center. 951 S.W.2d 251 (Tex. App.—Houston [14th
Dist.] 1997, no writ). Simpson contended, inter alia, that the status of invitee should
be conferred upon her because she had been at the Law Center paying filing fees
associated with a divorce case. Id. at 253. In Kitchen, a cause of action arising out
of a motor vehicle accident on a highway, the plaintiff argued that because he paid
vehicle registration and licensing fees, he was an invitee of the State. 867 S.W.2d
784, 786 (Tex. 1993).
          The Kitchen and Simpson courts determined that the fees paid by those
appellants were not the fees contemplated by section 101.022(a). Id. at 786-87;
Simpson, 951 S.W.2d at 253. These cases do not support appellant’s claimed invitee
status. Clearly, appellant here did not pay for the use of the premises as contemplated
by the statutory language. Therefore, under section 101.022(a), appellees owed to
appellant only the duty owed to a licensee. 
          We overrule appellant’s second issue. 
III.    Summary Judgment Evidence
          In her first point of error, appellant argues that the trial court erred in granting
the no-evidence motion for summary judgment because (a) the affidavit of Michael
Yancey is that of an interested party and is incapable of being easily controverted and 
(b) pictorial evidence depicting the dangerous condition is more than a scintilla of
evidence that appellees had actual knowledge of the condition. We need not consider
appellant’s complaint regarding Yancey’s affidavit because Harris County was not
required to produce any evidence in support of its no-evidence motion; therefore,
whether the affidavit was improper summary judgment evidence is irrelevant. 
          In the second part of her first issue, appellant argues that, even if she was a
licensee, the pictorial evidence submitted by her constitutes more than a scintilla of
evidence, thereby satisfying her burden of proof under a no-evidence motion for
summary judgment to show actual knowledge on the part of appellees. More than a
scintilla of evidence exists when the evidence rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions. See Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). “When the evidence
offered to prove a vital fact is so weak as to do no more than create a mere surmise
or suspicion of its existence, the evidence is no more than a scintilla and, in legal
effect, is no evidence.” Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). 
A governmental entity, under the Tort Claims Act, may only be held liable when it
had actual knowledge of a defect. Clay v. City of Fort Worth, 90 S.W.3d 414, 418
(Tex. App.—Austin 2002, no pet.). Constructive knowledge of a dangerous
condition is an insufficient basis for holding a governmental unit liable. State v.
Tennison, 509 S.W.2d 560, 561 (Tex. 1974). 
          The only summary judgment proof offered by appellant to defeat appellees’ no-evidence motions was five photographs showing a grassy area and a dark spot that is
presumably a hole. There is no indication of the size or depth of the hole and no
evidence to establish when the photographs were taken or by whom. In addition,
there is no evidence to establish when the hole was created. Thus, appellant’s
summary judgment evidence, even when viewed in a light most favorable to
appellant, was not more than a scintilla of evidence that either Harris County or
UTHSC had actual knowledge of the hole. 
          We overrule appellant’s first issue as it relates to actual knowledge.
IV.    Proprietary Functions of Governmental Units
          In her third issue, appellant asks this Court to impose a legal duty on appellees
because they were engaged in proprietary functions in connection with appellant’s
injury. Appellant argues that appellees are “quasi-governmental agencies that should
not be given sovereign immunity for proprietary functions.” 
          The doctrine of sovereign immunity does not apply to municipalities when they
perform “proprietary,” as opposed to “governmental,” functions. Hodge v. Lower
Colo. River Auth., 163 S.W.2d 855, 856 (Tex. Civ. App.—Austin 1942, pet. dism’d
by agr.). 
          Neither UTHSC nor Harris County is a municipality. UTHSC is a state agency,
and Harris County is a political subdivision of the State of Texas. The state, its
subdivisions, and its agencies cannot perform proprietary functions. See Delaney v.
Univ. of Houston, 792 S.W.2d 733, 736 (Tex. App.—Houston [14th Dist.] 1990),
rev’d on other grounds, 835 S.W.2d 56 (Tex. 1992). We cannot extend the law as
advocated by appellant. 
          We overrule appellant’s third issue. 
CONCLUSION
          In light of our ruling on appellant’s first, second, and third issues, we need not
address appellant’s fourth issue regarding other potential grounds for the trial court’s
ruling. 
          We affirm the judgment. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.